JUDGE RAKOFF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

12 CV 6677

| | |
|---|---|
| EDWARD ZYBURO, on behalf of himself and all other similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>NCSPLUS INC.,<br><br>     Defendant. | CASE NO:<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>**JURY TRIAL DEMANDED** |

RECEIVED
AUG 3 1 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Edward Zyburo ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge.   Plaintiff brings this action, on behalf of himself and all others similarly situated, against NCSPlus Inc. ("NCSPlus" or "Defendant") for telephone calls placed to class members' cellular telephones in violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA" or the "Act") and alleges as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction is proper under 28 U.S.C. § 1331 because this Court has original federal question jurisdiction over claims pursuant to the Act as set forth in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012).   Furthermore, Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, on behalf of himself and all others similarly situated, seeks up to $1,500 in statutory damages for each call in violation of the TCPA, which, when aggregated among a proposed class that numbers in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state.

Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

2.  Venue is proper in the United States District Court for the Southern District of New York pursuant to 18 U.S.C. § 1391(b) because Defendant's principal place of business is in New York, New York which is within the territorial jurisdiction of this Court.

## PARTIES

3.  At all times relevant, Plaintiff was a citizen of the State of Florida residing in Hillsborough County. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

4.  Defendant NCSPlus is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

5.  Defendant is a corporation and a citizen of the State of Delaware with its principal place of business at 117 East 24th Street 5th Floor, New York, New York, 10010.

## FACTUAL ALLEGATIONS

6.  Plaintiff alleges that on multiple occasions over numerous days, all prior to the date the original Complaint in this action was filed, but sometime after four years prior to the date the original Complaint in this action was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

7.  Specifically, in or about January 2012, Plaintiff received a recorded telephone call to his cellular phone from Defendant for a person by the name of "Gene Cause." Plaintiff promptly returned the phone call and informed Defendant he was not "Gene Cause," and requested Defendant stop calling and to be placed on their "Do Not Call" list. On or about the dates stated,

Defendant left the following prerecorded and/or artificial voice messages on Plaintiff's voicemail on his cellular phone:

### March 7, 2012

"Hello.  This is a message for Gene Cause.  If you are not Gene Cause please hang up or disconnect.  If you are Gene Cause, Please continue to listen to this message.   There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Gene Cause. This message is from NCS Plus. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about an important business matter at 877-366-3970. Again the number is, 877-366-3970.  Thank You, Good Bye."

### March 14, 2012

"Hello.  This is a message for Gene Cause.  If you are not Gene Cause please hang up or disconnect.  If you are Gene Cause, Please continue to listen to this message.   There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Gene Cause. This message is from NCS Plus. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about an important business matter at 877-366-3970. Again the number is, 877-366-3970.  Thank You, Good Bye."

### March 15, 2012

"Hello.  This is a message for Gene Cause.  If you are not Gene Cause please hang up or disconnect.  If you are Gene Cause, Please continue to listen to this message.   There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Gene Cause. This message is from NCS Plus. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about an important business matter at 877-366-3970. Again the number is, 877-366-3970.  Thank You, Good Bye."

**March 31, 2012**

"Hello. This is a message for Gene Cause. If you are not Gene Cause please hang up or disconnect. If you are Gene Cause, Please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Gene Cause. This message is from NCS Plus. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about an important business matter at 877-366-3970. Again the number is, 877-366-3970. Thank You, Good Bye."

**April 4, 2012**

"Hello. This is a message for Gene Cause. If you are not Gene Cause please hang up or disconnect. If you are Gene Cause, Please continue to listen to this message. There will now be a three second pause in this message. By continuing to listen to this message you acknowledge you are Gene Cause. This message is from NCS Plus. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact our office about an important business matter at 877-366-3970. Again the number is, 877-366-3970. Thank You, Good Bye."

8.     This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

9.     Plaintiff alleges that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

10.     Plaintiff alleges that the telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

11.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

4

12.    Plaintiff did not provide express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

13.    These telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action on behalf of a Class, consisting of "All persons within the United States to whom any telephone calls were made by Defendant within four years prior to the date of the filing of this action to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or an artificial or prerecorded voice, without such person's prior express consent."

15.    Plaintiff does not know the exact number of members in the Class, but believes that the Class Members are numerous. Thus, this matter should be certified as a Class action because the class is so numerous that joinder of all members is impracticable.

16.    Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and Class members previously paid, by having to listen to, retrieve, or administer messages left by Defendant during those illegal calls, and invading the privacy of Plaintiff and Class members. As a result, Plaintiff and the Class were damaged thereby.

17.    This suit seeks only damages for recovery of economic injury, injunctive relief, and statutory damages on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

18.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be readily identified through Defendant's records.

19.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties. The questions of law and fact to the Class predominate over questions which may affect individuals, including the following:

    a.    Whether, within the four years prior to the filing of the original Complaint in this matter, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b.    Whether, within the four years prior to the filing of the original Complaint in this matter, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service and such Class member had not provided their cellular telephone number to Defendant's assignee(s), the original creditor(s) for whom Defendant was attempting to collect a debt with the cellular telephone call, in any application for services or credit.

    c.    Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

d.    Whether Defendant should be enjoined from such conduct in the future.

20.    As persons that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, and as persons that have never provided their cellular telephone numbers to Defendant's assignee(s) of the debt for which Defendant was attempting to collect, in any application for credit or services, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

21.    Plaintiff and the members of the Class have all suffered harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

22.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

23.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than the maintenance of numerous individual actions.

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

24.     Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

26.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**COUNT II**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

28.     Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 4 7 U.S.C. § 227 *et seq.*

30.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

31.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class and any Subclass members the following relief against Defendant:

a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

c. As a result of Defendant's willful and/or knowing violations of 47 U.S. C. § 227(b)(l), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

d. An award of attorney's fees, costs, and expenses to counsel for Plaintiff and the Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

f. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues so triable.

DATED: August 31, 2012

**MORGAN & MORGAN, P.C.**
**Peter Safirstein (PS-6176)**

By: _____
            Peter Safirstein

Five Penn Plaza, 23rd Fl.
New York, NY 10001
Telephone: (212) 564-1637
Facsimile: (212) 564-1807
Email: psafirstein@forthepeople.com


William Peerce Howard
**MORGAN & MORGAN, P.A.**
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, Fl. 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
Email: BHoward@forthepeople.com


Geoffrey E. Parmer
**GEOFFREY PARMER, P.A.**
2525 Park City Way
Tampa, FL 33609
Telephone: (813) 877-5555
Facsimile: (813) 877-3222
Email: gparmer@msn.com

*Attorneys for Plaintiff*