**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDWARD ZYBURO, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NCSPLUS INC., | ) ) |
| Defendant. | ) ) ) |

CASE NO: 12-cv-06677 (JSR)

**PLAINTIFF EDWARD ZYBURO'S MEMORANDUM OF LAW IN SUPPORT**
**OF HIS MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...3

PRELIMINARY STATEMENT……………………………………………………………4

STATEMENT OF FACTS………………………………………………………………..5

ARGUMENT……………………………………………………………………………...5

      The Class Meets the Requirements of Rule 23(a)…………...…………………………7

      The Class Meets the Requirements of Rule 23(b)(3)…………………………………10

## TABLE OF AUTHORITIES

**RULES**

Fed. R. Civ. P. 23…………………………………………………………...…………4-13

**STATUTES**

47 U.S.C. § 227………………………………………………………………………..4,5,8

**CASES**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)………………………………………10

*Banyai v. Mazar*, 205 F.R.D. 160 (S.D.N.Y. 2002)………………………………………………7

*Consol. Rail Corp. v. Hyde Park*, 47 F.3d 473 (2d. Cir. 1995)………………………………...7

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008)……………………………8,10

*In re Flag Telecom Holdings*, *Ltd. Sec. Litig.,* 574 F.3d 29 (2d Cir. 2009)………………………9

*In re IPO Sec. Litig.*, 471 F.3d 24 (2d. Cir. 2006)………………………………………………...7

*Katz v. Image Innovations Holdings, Inc.*, 2010 WL 2926196 (S.D.N.Y. July 22, 2010)………..8

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d. Cir. 1997)……………………………………………..7

*In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55 (S.D.N.Y. 2009)…………………………...9,10

*In re Prestige Brands Holdings, Inc.*, No. 05 Civ. 6924(CLB)…………………………………...9
   2007 WL 2585088 (S.D.N.Y. 2007)

*In re PE Corp. Sec. Litig.*, 228 F.R.D. 102 (D. Conn. 2005)……………………………………7,8

*Robidoux v. Celani*, 987 F.2d 931 (2d. Cir. 1993)………………………………………………7,9

*In re. Vivendi Universal S.A. Sec. Litig.*, 242 F.R.D. 76 (S.D.N.Y. 2007)……….……………...7,8

## I. PRELIMINARY STATEMENT

Plaintiff, Edward Zyburo, by counsel, respectfully moves pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) for the following: (i) to certify a class of all persons within the United States to whom any telephone calls were made by Defendant, NCSPlus, Inc. within four years prior to the date of the filing of this action to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or an artificial or prerecorded voice, without such person's prior express consent (the "Class"); and (ii) to appoint Plaintiff as Class Representative with Morgan & Morgan, P.A. and Geoffrey Parmer, P.A. as Class Counsel.

This class action arises out the Defendant's alleged violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq. ("TCPA" or the "Act"). During the class period, Plaintiff alleges that Defendant utilized an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) to place calls to debtor's cellular telephones in violation of the TCPA. Defendant is a debt collector and has made millions of calls during the class period using an ATDS. *See* Declaration of Geoffrey Parmer, Exhibit A [References shall be made as "Parmer Dec., Ex. __"]. Through discovery, Plaintiff has established that Defendant used an ATDS to place telephone calls to 146,879 unique, identifiable cellular telephone numbers during the class period. *Id.* Each of the Defendant's violations of the TCPA entitles each injured party to statutory damages under the Act in the amount of $500 per violation and up to $1,500 per knowing or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

This action is ideally suited for class treatment under Fed. R. Civ. P. 23. All putative class members share the same claims against Defendants for violating the TCPA, and the legal standards governing these claims are virtually identical. The claims of the Class will be proven with common evidence regarding Defendant's uniform conduct relating to automatically dialed calls using an ATDS along with Defendant's use of an electronic or prerecorded voice in calling Class Members cell phones. The proposed class representative will assert common, and virtually identical, claims of liability and damages, and generalized proof in support of those claims, with respect to the entire Class. The defenses asserted will either be identical across all class claims, or fall into a few identical categories. In support of this Motion, Plaintiffs submit the Declaration of Geoffrey E. Parmer with exhibits and the expert affidavit of Jeffrey Hansen.

Certification of the proposed class will promote the efficient and effective resolution of this matter and enable the Plaintiffs to prosecute these claims efficiently and effectively for all Class Members and is superior to any other method for adjudicating this controversy.

## II. STATEMENT OF FACTS

Defendant is a debt collector that utilizes the TeleAdvantage Digital PBX telephone system to place calls to debtors on behalf of its debt collection creditor clients. Plaintiff Edward Zyburo is an individual who is the account holder of cellular telephone number 352-497-2888. As admitted by Defendant in its response to Plaintiff's Request for Admissions, Defendant made in excess of 10 calls to telephone number 352-497-2888 in 2011 and 2012 using an automatic telephone dialing system as such system is defined by 47 U.S.C. 227 [Parmer Dec. Ex. E, F].

## III. ARGUMENT

The class action mechanism is well-suited to resolve claims such as those asserted in this case where the conduct of a Defendant is virtually identical with respect to each Class Member.

To be certified as a class action, the plaintiff must satisfy the requirements of Fed. R. Civ. P. 23(a) that:

    (1)      the class is so numerous that joinder of all members is impracticable;

    (2)      there are questions of law or fact common to the class;

    (3)      the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)      the representative parties will fairly and adequately protect the interests of the class.

In addition, the plaintiff must establish that one of the requirements of Fed. R. Civ. P. 23(b) is satisfied. Plaintiff in this case will proceed under Rule 23(b)(3) that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Here, Plaintiff has provided sufficient evidence to establish, by a preponderance of the evidence, that this action should be certified as a class action. Plaintiff's evidence includes the Complaint, the discovery produced and admissions by the Defendant, the supporting declaration of Lead Counsel (with exhibits), and the expert affidavit of Jeffrey Hansen.

The class is so numerous that joinder of all members is impracticable, there are common questions of law and fact stemming from the Defendant's common course of conduct, the claims and defenses of the representative are typical of the claims and defenses of the class, and the class representative will fairly and adequately protect the interests of the class. The common issues in this case predominate over any issues affecting individual class members, and a class

action is superior to all other mechanisms, including individual actions, which would be inefficient and impractical.

In reviewing the Rule 23 criteria, the Court should resolve factual disputes relevant to a particular Rule 23 requirement, but not resolve any unrelated aspects of the merits of the case. *See, In re. Vivendi Universal S.A. Sec. Litig.*, 242 F.R.D. 76, 83 (S.D.N.Y. 2007) citing *In re IPO Sec. Litig.*, 471 F.3d 24, 41 (2d. Cir. 2006). The Court has ample discretion "to assure that a class certification motion does not become a pretext for a partial trial of the merits." *Id.* Moreover, "Rule 23 is given a liberal rather than restrictive construction, and courts are to adopt a standard of flexibility." *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d. Cir. 1997).

**A. The Class Meets the Requirements of Rule 23(a)**

**1. The Class Is Sufficiently Numerous**

Rule 23 permits class certification if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Certification is appropriate when "the number of class members is sufficiently large so that joinder of all members would make litigation needlessly complicated and inefficient." *Banyai v. Mazar*, 205 F.R.D. 160, 163 (S.D.N.Y. 2002). In this Circuit, "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Hyde Park*, 47 F.3d 473, 483 (2d. Cir. 1995). However, "the determination of practicability depends on all the circumstances surrounding the case, not on mere numbers." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d. Cir. 1993). In this case, Plaintiff has established that there are 146,879 Class Members, clearly satisfying the numerosity requirement of Rule 23 [Parmer Dec. Ex. A]. Accordingly, class certification of these claims will promote judicial economy and uniformity of decision by concentrating these claims in this forum. *See Robidoux*, 987 F.2d at 936 ("Relevant

considerations include judicial economy arising from the avoidance of a multiplicity of actions . . .").

## 2. There Are Questions of Law and Fact Common to the Class

The "commonality" requirement of Fed. R. Civ. P. 23(a)(2) is satisfied if "plaintiffs' grievances share a common question of law or fact." *Giuliani*, 126 F.3d at 376. *See also In re PE Corp. Sec. Litig.*, 228 F.R.D. 102, 108 (D. Conn. 2005)(explaining that "the test for commonality is not demanding and is met so long as there is at least one issue common to the class"). Courts liberally construe the Rule 23(a) commonality requirement. *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008). Therefore, commonality "does not mean that all issues must be identical to each member." *Damassia*, 250 F.R.D. at 156. *See also Katz v. Image Innovations Holdings, Inc.*, 2010 WL 2926196, at *3 (S.D.N.Y. July 22, 2010) (commonality does not require identical claims and arguments). The party seeking class certification is merely required to "identify some unifying thread among the members' claims that warrant class treatment." *Damassia*, 250 F.R.D. at 156; *In re Vivendi*, 242 F.R.D. at 84.

In this case, the claims of the proposed class representative are virtually identical to those of the proposed class. The claims are based on Defendant's use of a computerized system utilizing an ATDS to place calls to class members. Because all 146,879 class members allegedly received such calls on their cell phones, the claims are particularly well suited for class treatment [Parmer Dec., Ex. 3].

Questions of law and fact common to the class therefore include:

(1) Whether Defendant placed calls to class members' cellular telephones during the class period using an ATDS;

(2) Whether Defendant used an artificial or prerecorded voice in placing such telephone calls to class members' cellular telephones;

(3) Whether Defendant's conduct violated the TCPA; and,

(4) Whether the Defendant's conduct was knowing or willful.

Accordingly, the commonality requirement of Rule 23(a)(2) as to common questions of law or fact is clearly satisfied.

### 3. Plaintiff's Claims Are Typical of the Class

The typicality requirement is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993). Courts in this Circuit have held that the "typicality requirement is not demanding." *In re Prestige Brands Holdings, Inc.*, No. 05 Civ. 6924(CLB), 2007 WL 2585088, *2–3, 2007 U.S. Dist. LEXIS 66199, *10–11 (S.D.N.Y. 2007) (internal quotation marks omitted). "As long as plaintiffs assert, as they do here, that defendants committed the same wrongful acts in the same manner, against all members of the class, they establish [the] necessary typicality." *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 72–73 (S.D.N.Y. 2009) (citations omitted).

The claims of the representative Plaintiff are virtually identical to those of the proposed class members. Accordingly, the typicality requirement has been met.

### 4. Rule 23(a): the Representative Parties Will Fairly and Adequately Protect the Interests of the Class

The final requirement of Rule 23(a) is that the class representatives "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "Adequacy entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (internal quotation marks omitted). A finding that a proposed class representative satisfies the typicality inquiry constitutes "strong evidence that [its] interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiff['s] claims will vindicate those of the class." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

Plaintiff has retained experienced counsel to represent the interests of the class, and counsel is ready and able to prosecute this matter on behalf of the class [Parmer Dec. Ex. B,C,D].

**B. The Class Meets the Requirements of Rule 23(b)(3)**

Plaintiff seeks class certification under Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**1. Common Questions of Law and Fact Predominate Over Individual Questions**

Certification under Rule 23(b)(3) is appropriate where the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). This inquiry is more demanding than the commonality determination required by Rule 23(a) and requires that "issues that are subject to generalized proof outweigh

those subject to individualized proof." *In re NYSE Specialists*, 260 F.R.D. at 75 (citations omitted).

Here, because of the near identical nature of the claims among class members, common legal and factual issues predominate over any individual ones.

### 2. A Class Action is Superior to Alternative Methods for Resolving This Dispute

Rule 23(b)(3) requires that a class action also be "superior to other available methods for fairly and efficiently adjudicating the controversy." The Rule provides four factors for courts to consider in evaluating the superiority requirement:

(A) The class members' interests in individually controlling the prosecution or defense of separate actions;

(B) The extent and nature of any litigation concerning the controversy already brought by or against class members;

(C) The desirability of concentrating the litigation of the claims in the particular forum;

(D) The likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D).

The factors and the purposes of Rule 23 weigh in favor of certifying the Class. There is no overwhelming interest by class members to proceed individually. Because the TCPA does not provide for the recovery of attorneys' fees, an individual plaintiff has little economic incentive in bringing an individual action against the defendant when considering the inherent costs of litigation. Even assuming *arguendo* that all members of the class had sufficient economic incentives to litigate their claims individually (which is not the case), proceeding as a class would still be superior to 146,879 individual actions.

There are no likely difficulties in managing this case as a class action. The identity of class members can be readily ascertained from the computerized records of Defendant. The issues of law and fact are few and concise, and there are few, if any individualized issues to resolve.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (i) certify this action as a class action pursuant to Rule 23(a) and 23(b)(3); and (ii) appoint Plaintiff as representative of the proposed class and Morgan & Morgan, P.A. and Geoffrey Parmer, P.A. as class counsel.

Respectfully submitted,

_s/   Geoffrey E. Parmer_
GEOFFREY PARMER, P.A.
Geoffrey E. Parmer
Florida Bar No. 0989258
2525 Park City Way
Tampa, FL 33609
Tel: 813.877.5555
Fax: 813.877.3222
gparmer@msn.com

And,

William Peerce Howard
Florida Bar No.: 103330
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, Fl 33602
Tel: 813-223-5505
Fax: 813-223-5402
bhoward@forthepeople.com

Peter Safirstein
Morgan & Morgan, P.C.
28 West 44th Street, Suite 2001
New York, NY 10036

Telephone: (212) 564-1637
Facsimile: (212) 564-1807
Email: psafirstein@forthepeople.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify by signing above that on March 5, 2013, the foregoing was served by

electronic mail on the following:

Mark Krassner, Esq.
Law Office of Mark Krassner
130 West 42nd Street
New York, NY, 10036
mark@krassnerlaw.com