UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ZYBURO                              :
                                    :     12 Civ. 6677
     Plaintiff,                     :
                                    :     MEMORANDUM ORDER
     -v-                            :
                                    :
NCSPLUS, INC.,                      :
                                    :
     Defendants.                    :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

This is a putative class action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227 *et seq.*, which prohibits certain kinds of telephone solicitations without the recipient's consent. Plaintiff alleges that the defendant repeatedly called his cell phone using an automated telephone dialing system without his consent, including after plaintiff had informed the defendant that he was not the party the defendant was attempting to reach and had requested to be placed on the defendant's "do not call" list.

On March 5, 2013, plaintiff moved to certify a class consisting of all persons in the United States who, within four years of the filing of this action, received calls from the defendant's automated telephone dialing system to their cell phones or other phone numbers covered by the TCPA. According to plaintiff's motion for class certification, discovery has revealed 146,879 unique, identifiable cellular telephone numbers

that defendants called during the class period. Plaintiff maintains that each of the defendant's violations of the TCPA entitles each injured party to statutory damages under the TCPA in the amount of $500 per violation and up to $1,500 per knowing or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

On April 5, 2013, however, plaintiff withdrew his class claims, explaining that, based on defendant's representations, it appeared that defendant had insufficient assets to pay a class judgment. In particular, plaintiff's counsel stated in open Court that "the defendant has *indicated* in written discovery that there is no insurance," *see* hearing, 4/5/13 at 8, to which defense counsel did not demur. In reliance on that and other representations by both parties' respective counsel, the Court allowed plaintiff to dismiss the class claims and to file an amended complaint asserting individual claims only.

Thereafter, on July 23, 2013, the parties jointly called Chambers and plaintiff's counsel informed the Court that it had just recently taken the Rule 30(b)(6) deposition of Christopher K. Rehkow, the co-owner of the defendant, in the course of which Mr. Rehkow testified that the defendant in fact had insurance, and that defense counsel had subsequently provided plaintiff's counsel with an insurance policy with $2 million in coverage. This was in direct contradiction to defendant's representations

in interrogatories, responses to requests for documents, and requests for admissions, that defendant had no insurance.

Thereupon, the Court convened an evidentiary hearing, which began on October 3, 2013, and continued on October 18, 2013, at which both Mr. Rehkow and the other co-owner of the defendant, Lynn E. Goldberg - both of whom were represented at the hearing by counsel independent of defendant's counsel in the underlying matter - testified. The gist of their testimony was that the defendant did indeed have an insurance policy that seemingly covered the claims here contested, but that, for various reasons, they had not so informed their counsel and had thereby caused the interrogatories and written deposition responses to fail to reveal this fact. *See* transcripts, 10/3/13 and 10/18/13.

Accordingly, upon application of plaintiff's counsel, the Court hereby reinstates the original class action complaint and the motion to certify the class.

SO ORDERED.

Dated: New York, NY
October 22, 2013

JED S. RAKOFF, U.S.D.J.